```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

  BLAKE WINGATE,

                    Plaintiff,                  MEMORANDUM & ORDER
                                                14-cv-4063(EK)(JRC)
            -against-

  RHODA GREENE, EDMOND BURKE, DERRICK
  WALLACE, ANDREW HALL, JAMES STANTON,
  NEKEISHA DELAPENHA, et al.

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The Court has received Magistrate Judge Cho's Report and Recommendation ("R&R") dated April 18, 2022. ECF No. 374. Judge Cho recommends that I grant Defendants' motion to dismiss this case under Federal Rule of Civil Procedure 41(b) because of the Plaintiff's failure to comply with court orders and his failure to prosecute his case. Plaintiff (who is currently incarcerated at Five Points Correctional Facility, and proceeding *pro se* here) filed objections to the R&R on May 9, 2022. Pl.'s Objections to R&R ("Pl.'s Objs."), ECF No. 381.[1]

---

[1] After he filed his objections and Defendants responded, *see* ECF No. 383, Plaintiff submitted additional filings at ECF Nos. 385, 386, and 387, including a "Notice of Addendum" to the R&R. These filings "contravene[] the general principle that supplementary filings require leave of the court." *Endo Pharms. Inc. v. Amneal Pharms., LLC*, No. 12-cv-8060, 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016). Moreover, "the decision to permit a litigant to submit a surreply is a matter left to the court's discretion, as is the decision to strike a party's filing." *Id.* "Plaintiff has failed to show good cause for filing a sur-reply as he has not established that the . . .

For the reasons set forth below, I adopt the R&R in full and grant the motion to dismiss.

When a party submits a timely objection, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Those portions of the R&R that are not objected to are reviewed for clear error on the face of the record. *See* Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *accord State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

A case may be dismissed under Rule 41(b) for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In weighing dismissal, courts consider

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has

---

defendants raised a new issue for the first time on reply." *Ramon v. Corp. City of New York*, No. 17-cv-2307, 2019 WL 1306061, at *7 (E.D.N.Y. 2019). Thus, for the purposes of this order I disregard plaintiff's unauthorized sur-replies and take into account only his timely objections to the R&R, made on May 9, 2022, at ECF No 381.

>adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).[2]

For the reasons Judge Cho stated in the R&R, each of these factors weighs in favor of dismissal. Most significantly, throughout the final pretrial conference and jury selection, Plaintiff declined to comply with the Court's orders and obstructed the proceedings with abusive outbursts and inappropriate statements. Judge Cho enumerated several examples of Plaintiff's most obstructive conduct; they are set forth in the margin.[3] *See, e.g.*, *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (affirming dismissal with prejudice following *pro se* plaintiff's "repeated use of abusive, insulting language directed at the Magistrate Judge").

Plaintiff declined to return to court for the second day of jury selection, scheduled for Thursday, June 14. Refusal/Waiver of Right to be Physically Present at Court, ECF

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, and internal quotation marks.

[3] Plaintiff made a series of vulgar, sexually explicit comments to Judge Cho and others in the courtroom. I need not repeat these here, as they are set forth in the R&R and various transcripts. *See* R&R 2-4; *see also* Tr. of Proceedings on April 13, 2022 ("Apr. 13 Tr.") 12:17-24, 28:12-15, 43:12-45:21, 44:12-18, 45:2-4, 47:3-48:3, ECF No. 373. Plaintiff also made a series of explicitly racist comments. *See, e.g.*, Apr. 13 Tr. 40:9-13. And Plaintiff left no question about his views of the Court's authority, stating among other things that "I don't respect your orders, you're not here," "[s]hut the f**k up," and "I'm not gonna watch my language. I can disrespect anybody I want, any time I want." *Id.* at 49:11-14, 79:4-80:6.

3

No. 369. According to a form filled out by prison authorities that morning – titled "Refusal/Waiver of Right to be Physically Present in Court" and signed by two witnesses – Plaintiff "refused his Court trip" because he was "not feeling well." *See id.; see also* Tr. of Proceedings dated April 14, 2022 ("Apr. 14 Tr."), ECF No. 372 (during phone conference, scheduled for 9:30 a.m. on April 14 after Plaintiff did not appear in court, Mr. Wingate said that he did not come because of medical reasons). On the phone, after making more aggressive comments to opposing counsel – including that he would "blow her back out with her partner and whoever else is on the line" if she filed a Rule 41 motion – Plaintiff agreed to continue jury selection on Monday, April 18. Apr. 14 Tr. 210:15-16, 219:24-220. Plaintiff did return on April 18, but abruptly exited the courtroom shortly thereafter and refused to continue with the proceeding. Tr. of Proceedings dated April 18, 2022 ("Apr. 18 Tr.") 236:16-238:12, ECF No. 375. Because of the severity of Plaintiff's conduct and the fact that it lasted several days, the first *Baptiste* factor is easily satisfied.

        The second factor is satisfied because Plaintiff had clear notice that his conduct could result in dismissal. "While a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning

4

has been given that noncompliance can result in dismissal." *Koehl*, 740 F.3d at 862; *see also Pimentel v. Delta Air Lines, Inc.*, 818 F. App'x 100, 101 (2d Cir. 2020) (affirming dismissal of case where, after issuing several warnings to *pro se* plaintiff, "the district court dismissed the actions with prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with court orders and for using abusive language toward the judges"). Exhibiting an exceptional degree of patience, Judge Cho warned Plaintiff of this risk repeatedly throughout jury selection. *See, e.g.*, Apr. 14 Tr. 213:22-214:1 ("Mr. Wingate, you have received numerous warnings that your case may be dismissed if you continue to disrupt your own proceedings and refuse to comply with the orders of this Court."); *id.* at 214:16-23 (The Court: "[I]f you do not appear on Monday to complete jury selection, I may have to recommend that Judge Komitee dismiss this case . . . for your obstruction of these proceedings and for failure to comply with court orders. Do you understand, Mr. Wingate?"; Plaintiff: "Yes."); Apr. 18 Tr. 223:9-19 (warning the parties that they "may not speak over me or each other and . . . may not interrupt me or each other," and that "[i]f these rules are not complied with, I may hold a party in contempt or recommend to Judge Komitee that he dismiss[es] the case").

5

When Plaintiff left the courtroom on April 18, proclaiming "I am done. . . . I am out of here," Judge Cho asked: "It appears that you are packing up and preparing to leave the courtroom. Are you refusing to participate in the jury selection process?" Apr. 18 Tr. 236:15-237:1. When Plaintiff did not respond, Judge Cho advised Plaintiff – as he was still in the courtroom but preparing to leave – that if he "refuse[d] to participate in the jury selection process," Judge Cho would "have no choice but to recommend dismissal of [the] action today." *Id.* at 237:4-7. Plaintiff left anyway and did not return. *Id.* at 237:13-14, 238:5-18.

The third factor is satisfied because this case has been pending for eight years. *See* R&R 8. And Plaintiff's interest in having his case heard — the fourth *Baptiste* factor — does not balance favorably here against the Court's interest in controlling its docket. Plaintiff had his day in court, succeeding past the summary judgment stage, and the Court was prepared to afford him the trial he had sought. Finally, the fifth factor weighs in favor of dismissal because no lesser sanction would be appropriate. Judge Cho exhibited extraordinary patience in proceeding with Plaintiff's case, and afforded him multiple opportunities to continue despite Plaintiff's obstructive and abusive behavior. *See id.* at 9-10. For these reasons, Judge Cho correctly concluded that dismissal

6

is the appropriate sanction in this case. *E.g.*, *Jenkins v. Charles*, No. 13-CV-3405, 2018 WL 626340, at *4-5 (S.D.N.Y. Jan. 30, 2018) (dismissing case for "abuse of the court process, abuse of judicial officers, outbursts in court, and attacks on the integrity of the court" after plaintiff "hijacked the proceedings," was "confrontational," and "kept interrupting the Court").

Plaintiff's objections are without merit. He defends his conduct as being merely "assertive," but the quotations above and in the R&R make clear the degree of understatement that argument entails. Many of Plaintiff's objections focus on the (unfounded) perception that he was denied his right to exercise his religion during trial because the Court "breached" an agreement to allow Plaintiff to participate in Friday prayers, and that Judge Cho "sought [to] dismiss based upon [Plaintiff's] religion." Pl.'s Objs. 2-3. There is simply no evidence to support Plaintiff's allegations; at the pretrial conference on April 6, I actively sought to accommodate Plaintiff's religious observance on Fridays by amending the trial schedule to exclude Friday, *see* Defs.' Ex. E, Tr. of

Proceedings dated April 6, 2022, ECF No. 383-5, and neither Judge Cho nor I conducted this proceeding on a Friday.[4]

Having reviewed the record, I agree with Judge Cho's findings and conclusions and therefore adopt the R&R in its entirety. This case is dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

                               /s/ Eric Komitee
                               ERIC KOMITEE
                               United States District Judge

Dated:       July 12, 2022
               Brooklyn, New York

---

[4] The first day of jury selection was on Wednesday, April 13; the second day was scheduled for Thursday, April 14, but Mr. Wingate did not come to court. During the phone conference that day, Judge Cho inquired whether the following day (a Friday) might be an option for conducting jury selection, to which Plaintiff replied that it was not. Apr. 14 Tr. 198:10-12 (The Court: "Now, to clarify, are you able to participate in jury selection tomorrow, Friday?"; Plaintiff: "No, tomorrow is Jum['ah]"). Judge Cho then adjourned jury selection until the morning of Monday, April 18.

Nothing in the record indicates any religious (or other) bias by Judge Cho. Plaintiff's objections follow the same line of obstructive conduct he demonstrated in court – arguing that Judge Cho lacks "integrity" and acts with bias, *see* Pl.'s Objs. 8, 18; and rejecting the Court's authority generally. *See, e.g., id.* at 5 ("judges and magistrates . . . can kick rocks and go somewhere else").